1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KHALAFALA KHALAFALA,

11                  Plaintiff,                    No. CIV S-07-0735 GEB DAD

12        vs.

13   GRETTA CURTIS FALL, et al.,

14                  Defendants.              FINDINGS AND RECOMMENDATIONS

15   _____/

16              Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   72-302 and 28 U.S.C. § 636(b)(1).

20              The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

22   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

23   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

24   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

25   U.S.C. § 1915A(b)(1) & (2).

26   /////

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7  Cir. 1989); Franklin, 745 F.2d at 1227.

8    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

9  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

10  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

11  Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,

12  355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a

13  complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

14  must contain factual allegations sufficient "to raise a right to relief above the speculative level."

15  Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

16  accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

17  Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

18  plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421

19  (1969).

20    The Civil Rights Act under which this action was filed provides as follows:

21      Every person who, under color of [state law] . . . subjects, or causes
       to be subjected, any citizen of the United States . . . to the
22      deprivation of any rights, privileges, or immunities secured by the
       Constitution . . . shall be liable to the party injured in an action at
23      law, suit in equity, or other proper proceeding for redress.

24  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

25  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

26  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

1 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

2 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

3 omits to perform an act which he is legally required to do that causes the deprivation of which

4 complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

5          Moreover, supervisory personnel are generally not liable under § 1983 for the

6 actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named

7 defendant holds a supervisorial position, the causal link between him and the claimed

8 constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862

9 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S.

10 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

11 in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th

12 Cir. 1982).

13          In the present case, plaintiff has identified as defendants Sacramento County

14 Superior Court Judge Gretta Curtis Fall and Christopher Hyden-Meyer, his trial counsel in

15 criminal proceedings in state court.  Plaintiff alleges:

16          Gretta Curtis Fall has conspired with plaintiff's trial counsel,
           Christopher Hyden-Myer to deny plaintiff his Sixth Amendment
17          right to effective assistance of counsel, and negligently denied
           plaintiff's motion for mistrial/new trial, and imposed arbitrary
18          sentence on plaintiff.

19 (Compl. at 3.)  In the "Relief" section of the form complaint, asking plaintiff to state briefly what

20 he wants the court to do for him, plaintiff writes "A) Release plaintiff from custody [and] B) one

21 million US Dollar[s] in damages."  (<u>Id.</u>)

22          Plaintiff may not bring a claim pursuant to 42 U.S.C. § 1983 arising out of alleged

23 unconstitutional activities that resulted in his criminal conviction unless the conviction has been

24 set aside.  <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  In <u>Heck</u>, the United States Supreme Court

25 held that a prisoner may not recover damages under § 1983 for allegedly unconstitutional

26 imprisonment, or for any other harm caused by actions whose unlawfulness would render the

3

imprisonment invalid, unless he can prove that the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.  512 U.S. at 486-87

Here, plaintiff's claims against the named defendants for their alleged conduct during his criminal prosecution in state court are barred by Heck v. Humphrey because a judgment in plaintiff's favor would necessarily imply the invalidity of his conviction and sentence.[1]  Accordingly, the court will recommend that plaintiff's complaint be dismissed.[2]

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's application to proceed in forma pauperis be denied; and

2.  This action be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

/////

/////

/////

---

[1]  Moreover, Judge Fall is absolutely immune from suits under 42 U.S.C. § 1983 for judicial acts, including the denying of a motion for a new trial or mistrial and the imposition of a sentence.  Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003).  In addition, plaintiff's trial counsel is not a "state actor" for purposes of § 1983.  Miranda v. Clark County, 319 F.3d 465 (9th Cir. 2003) (en banc).

[2]  Plaintiff is advised that a civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).  In contrast, habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  If plaintiff is seeking to overturn his underlying state court conviction, a writ of habeas corpus is his sole remedy.

1  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED: May 19, 2008.

4

5  _____

6  DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

7  DAD:9
   khal0735.56

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26